IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Alan M. LEVY, Attorney at Law.

Supreme Court

*No. 92-1452-D. Filed January 28, 1993.*

(Also reported in 494 N.W.2d 425.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of Attorney Alan M. Levy to practice law in Wisconsin for six months as discipline for professional misconduct. That misconduct consisted of Attorney Levy's having misrepresented himself as a partner of a Milwaukee law firm where he was employed as an associate and forging the signature of a partner of that law firm on a fee assignment without that partner's knowledge or consent in order to obtain a loan.

We determine that the recommended six-month license suspension is appropriate discipline to impose for Attorney Levy's professional misconduct. By his con-

duct in this matter, Attorney Levy has demonstrated a dishonesty that is incompatible with his position as a lawyer representing the interests of others in the legal system. By placing his personal financial interests above those of the law firm employing him and using his professional position to obtain a financial benefit, he has acted contrary to his professional obligation of honesty and trustworthiness. The seriousness of his misconduct warrants the recommended six-month license suspension.

Attorney Levy was admitted to practice law in Wisconsin in 1965 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding. Based on a stipulation of the parties, the referee, Attorney Rudolph P. Regez, made the following findings of fact.

Following his admission to the Illinois bar in 1982, Attorney Levy practiced law there and became friends with another lawyer, Lawrence Walner. Then, in 1985 Attorney Levy moved to Milwaukee, where he became employed as an associate with the law firm now known as O'Neil, Cannon and Hollman. Attorney Levy was neither a partner nor a shareholder in that firm. While working at the O'Neil firm, Attorney Levy continued his relationship with Attorney Walner, with whom he appeared as co-counsel on a number of contingent fee cases.

In 1987, Attorney Levy obtained a personal loan of $6,000 from Attorney Walner, which he intended to repay from his share of the contingent fees from the cases his firm and Attorney Walner were handling. In 1991, he entered into a personal loan agreement with Attorney Walner to borrow an additional $15,000. As part of that agreement, Attorney Levy executed two irrevocable assignments totaling $21,000 plus interest,

one in his individual capacity and the other on behalf of the O'Neil firm in respect to its interest in the contingent fees in the cases in which Attorney Walner was co-counsel with Attorney Levy. However, Attorney Levy had no right to receive any of the contingent fees, as they belonged to the law firm and there was no agreement between him and the firm that he would receive a percentage of any contingent fee.

The irrevocable fee assignment assigning the firm's interest to Attorney Walner set forth that Attorney Levy was a partner in that firm and was purportedly signed by a partner of the firm. In fact, Attorney Levy had signed the name of a partner on the assignment without any authority to do so.

Two weeks after the assignments were executed, Attorney Levy left the O'Neil firm and took a position with another Milwaukee law firm. At the time of his departure, he owed the O'Neil firm $50,000 for advances and loans it had made to him. When confronted by the O'Neil firm with the fee assignment, Attorney Levy admitted that he had forged the partner's signature.

The referee concluded that Attorney Levy engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[1] Accepting the Board's position in regard to discipline to be imposed for that misconduct, the referee recommended that Attorney Levy's license to practice law be suspended for six months. The referee noted that the six-month license suspension is "certainly not harsh and

---

[1] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

takes into consideration the many mitigating factors in [Attorney Levy's] favor." The referee set forth the following mitigating factors: there was no attorney-client relationship between Attorney Levy and Attorney Walner, whom he defrauded in order to obtain a loan; Attorney Levy is a recognized leader in the field of law in which he practices and commands the respect of his peers; he served many years on the board of directors of his temple and participated in its social programs; he adopted a Korean orphan "to advance the cause of racial unity"; he admitted his wrongdoing and expressed extreme shame and complete remorse; he gave full and complete cooperation in the disciplinary proceeding.

Although Attorney Levy's dishonesty exhibited in this matter is egregious, the factors cited by the referee mitigate the severity of the discipline it warrants. On the totality of the circumstances, we impose the six-month license suspension recommended by the referee.

On December 30, 1992, Attorney Levy's counsel in this disciplinary proceeding filed a motion seeking an extension of time to file a notice of appeal from the referee's report and recommendation. Pursuant to SCR 21.09(5),[2] an appeal from that report was to be filed by

---

[2] SCR 21.09 provides:

**Procedure.**

. . .

(5) The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity. The board or the attorney may file an appeal of the referee's report with the supreme court within 20 days of the filing of the report. If no appeal is timely filed, the supreme court shall review the referee's report and determine appropriate discipline in cases of misconduct and appropriate action in cases of medical incapacity and may, on its own motion, within 30 days of the

December 20, 1992. Under the rules of appellate procedure, which are applicable to attorney disciplinary proceedings, SCR 21.09(6),[3] the time for filing a notice of appeal may not be enlarged. Section (Rule) 809.82(2)(b), Stats.[4] Accordingly, the motion for an extension of time must be denied.

IT IS ORDERED that the motion for an extension of time to file a notice of appeal is denied.

IT IS FURTHER ORDERED that the license of Alan M. Levy to practice law in Wisconsin is suspended for a period of six months, commencing March 1, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order Alan M. Levy pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing

expiration of the time for appeal, order the parties to file briefs in the matter or extend the time in which it may order briefs. The supreme court's final disposition of disciplinary and medical incapacity proceedings shall be published in the official publications specified in SCR 80.01.

[3] SCR 21.09 provides:

**Procedure.**

. . .

(6) An appeal to the supreme court from a report of a referee is conducted under the rules governing civil appeals to the supreme court. The supreme court shall place the appeal on its first assignment of cases after the briefs are filed.

[4] Section 809.82 provides:

**Rule (computation and enlargement of time).**

. . .

(2) ENLARGEMENT OR REDUCTION OF TIME.

. . .

(b) Notwithstanding the provisions of par. (a), the time for filing a notice of appeal or cross-appeal of a final judgment or order other than in an appeal under s. 809.30 or 809.40(1) may not be enlarged.

to this court of his inability to pay the costs within that time, the license of Alan M. Levy to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Alan M. Levy comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.